UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD YUSEPH BALZA CORONEL,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-05778-DAD-JDP (HC)

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

(Doc. Nos. 7, 8, 11)

On July 24, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On August 21, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 8.) That same day, respondents filed a notice that this case is related within the meaning of Local Rule 123 to *Balza Coronel v. Warden, California City Detention Center*, 1:26-cv-04757-DAD-JDP ("*Balza Coronel I*").[1] (Doc. No. 6.) On August 25, 2026, this case was re-assigned to the undersigned and a briefing schedule was set on the motion for temporary restraining order. (Doc. No. 10.) On August 26, 2026, respondents filed a motion to

[1] In *Balza Coronel I*, the court denied petitioner's petition without prejudice after concluding that petitioner was subject to a removal order and still within the 90-day mandatory detention period under 8 U.S.C. § 1231(a)(2). *Balza Coronel I*, Doc. No. 7 (July 2, 2026).

dismiss the petition. (Doc. No. 11.) Therein, respondents argue that this action should be dismissed as moot because petitioner was removed from the United States and is therefore no longer in custody. (*Id.* at 2–3.) Respondent further contends that there are no further collateral consequences that must be addressed through habeas relief, and as such, this action no longer presents a live case or controversy. (*Id.* at 3.)

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "A claim is moot if it has lost its character as a present, live controversy." *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir. 1984). In the immigration context, removal "from the United States after filing a habeas petition does not necessarily moot a petitioner's claim." *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007). However, once the noncitizen is released from custody or removed from the United States, "there must be some remaining 'collateral consequence' that may be redressed by success on the petition[]" to satisfy the live controversy requirement. *Id.* at 1064.

Here, the petition only challenges the length and lawfulness of petitioner's detention. (Doc. No. 1.) In support of their motion to dismiss, respondents have offered evidence that petitioner was removed from the United States on August 21, 2026. (Doc. No. 11.) Because his claims are limited to his detention and petitioner has since been removed from the United States, the petition no longer presents a live controversy and is therefore moot. *See Abdala*, 488 F.3d at 1065 (finding petition challenging length of detention and asserting no collateral consequences was rendered moot once the petitioner was removed); *Grossi v. Current or Acting Field Off. Dir.*, No. 23-cv-08785-FMO-E, 2024 WL 263591, at *1 (C.D. Cal. Jan. 24, 2024) ("Petitioner no longer is in ICE detention. Thus, the Petition's multiple challenges to the legality of that detention, (including the Petition's request for an 'intensive supervision' alternative to detention), no longer present a live controversy.").

For the reasons explained above,

1. Respondents' motion to dismiss (Doc. No. 11) is GRANTED as follows:

/////

a. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DISMISSED without prejudice as having been rendered moot by petitioner's removal;

b. Petitioner's motion for temporary restraining order (Doc. No. 8) is DENIED as moot;

2. Respondents' motion to dismiss the petition on the merits (Doc. No. 7) is DENIED as moot; and

3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 27, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE